IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DARNELL H. FULLMAN, SR., :
    Plaintiff, :
    v. : Civ. No. 17-1870-RGA
TC ELECTRIC CO., :
    Defendant. :

## MEMORANDUM ORDER

At Wilmington, this 16 day of October 2018, having considered Plaintiff's request for counsel (D.I. 14);

IT IS ORDERED that Plaintiff's request for counsel (D.I. 14) is **DENIED** without prejudice to renew, for the reasons that follow:

Plaintiff Darnell H. Fullman, Sr., appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4). He asks the court to seek representation on his behalf. (D.I. 14).

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[1] See *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

---

[1] See *Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

1

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

The parties agree that Plaintiff was terminated in February 2016. I do not see anywhere factual allegations that would inform a judgment about whether Plaintiff's claim has arguable factual merit. Thus, I decline to request counsel after considering the threshold issue. Alternatively, assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting his request for counsel. After reviewing Plaintiff's complaint, there is no indication that the case is so factually or legally complex that requesting an attorney is warranted. In addition, so far as I can see, Plaintiff has ably represented himself to date. Therefore, the Court will deny Plaintiff's request for counsel without prejudice to renew. Should the need for counsel arise later, one can be sought at that

time.

_____
UNITED STATES DISTRICT JUDGE