IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DARNELL H. FULLMAN, SR., | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action. No. 17-1870-RGA<br>) |
| TC ELECTRIC CO., | )<br>) |
| Defendant. | )<br>) |

**MEMORANDUM ORDER**

At Wilmington this 6 day of August, 2019, having considered Defendant's motion to compel (D.I. 33),

IT IS HEREBY ORDERED that the motion (D.I. 33) is **GRANTED**, for the reasons that follow:

1. On January 4, 2019, Defendant filed a motion to compel Plaintiff to answer and respond to outstanding discovery and for an order for the Court to deem the requests for admission to be admitted. (D.I. 33). The backdrop to the motion to compel was that on August 31, 2018, Defendant served Plaintiff with interrogatories and requests for production. (D.I. 16). Plaintiff sought an extension of time to respond to the discovery and it was granted. (D.I. 17, 21). Plaintiff was given until on or before November 2, 2018 to respond to the discovery requests. (D.I. 21). When he failed to do so, and Defendant raised the issue, Plaintiff was given until December 5, 2018, to respond. (D.I. 26, 27). He did not. (D.I. 31).

2. On January 4, 2019, Defendant filed a motion to compel pursuant to Fed. R. Civ. P. 37 after Plaintiff's failure to respond to the discovery requests. Under Rule

1

37, a party is entitled to seek an order compelling discovery if the party has properly served interrogatories and/or requests for production and the party upon whom served has failed to provide full, complete and timely responses. Thereafter, Plaintiff responded to the discovery. (See D.I. 35, 36-1, 36-2). The Court has reviewed his responses. In some instances, he did not answer interrogatories; in others, the responses are incomplete. While Plaintiff provided documents responsive to the request for production of documents, he did not provide any answers or exhibits in response to several requests. Therefore, the Court will grant Defendant's motion to compel.

3.	Defendant also seeks an order that its requests for admissions served upon Plaintiff are deemed admitted. Plaintiff was served with requests for admissions on November 26, 2018. (D.I. 33-3). The requests for admission served on Plaintiff placed him on notice that his "failure to timely provide answers to the below will constitute an admission." (D.I. 28 at 1). Plaintiff did not file responses to the requests for admissions until January 14, 2019, ten days after Defendant filed its motion to compel. (See D.I. 35).

4.	Under Fed. R. Civ. P. 36 "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Id. The Court has reviewed Plaintiff's untimely responses to the requests for admissions. Many of the responses clearly contradict information Plaintiff has provided the Court and discoverable documents he provided to Defendant. For example, Request No. 2 asks Plaintiff to admit the address listed on the Court docket.

Plaintiff denied the request despite the fact that the address in the request is the address Plaintiff provided in the Complaint and is the current address listed on the Court docket. Another example is Request No. 3 that asked Plaintiff to admit that he received an employee warning report. Plaintiff denied the request but then in Request No. 13 admitted that he signed the warning report. In light of the foregoing, and the fact that the responses were untimely despite a warning of the consequences for failing to timely respond to the requests, the Court will grant Defendant's request for an order that the November 26, 2018 requests are deemed admitted.

5. Plaintiff shall answer all interrogatories and requests for production on or before **September 4, 2019**.

6. The requests for admission served upon Plaintiff on November 26, 2018, are deemed **ADMITTED**.

7. The Court notes that Defendant has filed a motion for summary judgment. (D.I. 45). Therein, Defendant states that "discovery in this matter has concluded." (D.I. 46 at 1). Recently, Plaintiff was given an extension of time until August 22, 2019, to file an answering brief. (D.I. 45). In light of the instant Order, Defendant shall advise the Court if it finds it necessary to supplement its motion for summary judgment, and Plaintiff shall advise the Court if he will require additional time to file a response to the motion for summary judgment.

UNITED STATES DISTRICT JUDGE