IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DARNELL H. FULLMAN, SR., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 17-1870-RGA |
| | : |
| TC ELECTRIC CO., | : |
| | : |
| Defendant. | : |

## MEMORANDUM OPINION

Darnell H. Fullman, Sr., Bear, Delaware.   Pro Se Plaintiff.

Justin Callaway, Esquire, Esquire, Salmon Ricchezza Singer & Turchi LLP, Wilmington, Delaware.

January 21, 2022
Wilmington, Delaware

/s/ Richard G. Andrews
ANDREWS, U.S. District Judge:

Plaintiff Darnell H. Fullman, Sr., who proceeds *pro se*, filed this employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*., and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, et seq. (D.I. 2).   Before the Court is Plaintiff's motion for relief from judgment or order pursuant to Fed. R. Civ. P. 60(b)(2) and (c)(1).   (D.I. 67).   Defendant TC Electric Co. opposes.   (D.I. 68).

## **BACKGROUND**

On August 13, 2020, the Court granted summary judgment in favor of Defendant TC Electric Co. and against Plaintiff Darnell H. Fullman, Sr.   (D.I. 62, 63).   Judgment was entered on August 19, 2020.   (D.I. 64).   Both orders were sent to Plaintiff at his address of record via U.S. Mail and neither were returned to the Court.

Plaintiff seeks relief from judgment and submitted a notarized statement of a witness presenting "new evidence."   (D.I. 67).   The notarized statement dated August 2, 2021, states that DeShire Johnson was an employee of Defendant in 2015, that he can confirm a supervisor made a statement that "he was going to get rid of certain employees and have only Mexicans working for him," and that an employee helper did not always have to report to the shop in the morning and was able to meet at the jobsite if the materials was already there.   (D.I. 67-1).

Plaintiff states that he submitted a request to the Court on February 3, 2021 for a case update "due to no response from last filing in 2019."   (D.I. 67).   The Court docket indicates that the request was dated March 3, 2021, and it was docketed on March 5,

1

2021. (D.I. 65). Finally, Plaintiff states that he was not made aware that judgment was entered until March 8, 2021. (D.I. 67).

Defendant opposes and argues that Plaintiff has failed to establish a right to relief under Rule 60(b)(2) on the grounds that the proffered evidence is immaterial to the judgment entered against him, and he failed to show that he was unable to obtain Johnson's statement through the exercise of due diligence. (D.I. 68).

For the reasons discussed below, the Court will deny the motion.

### **RULE 60**

Federal Rule of Civil Procedure 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances. *Pierce Assoc., Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). A motion filed under Rule 60(b) must be made within a reasonable time and, for motions under Rule 60(b)(1), (2), and (3), must be filed no more than one year after entry of the judgment or order or the date of the proceeding. *See* Fed. R. Civ. P. 60(c)(1).

2

**DISCUSSION**

Plaintiff seeks relief under Rule 60(b)(2) based on newly discovered evidence. Rule 60(b)(2) provides that a party may file a motion for relief from a final judgment based upon "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Rule 60(b)(2) "requires that the new evidence (1) be material and not merely cumulative, (2) could not have been discovered before trial through the exercise of reasonable diligence, and (3) would probably have changed the outcome of the trial. Any party requesting such relief bears a heavy burden ." *Compass Tech., Inc. v. Tseng Lab., Inc.*, 71 F.3d 1125, 1130 (3d Cir. 1995).

The information upon which Plaintiff relies upon does not suffice to provide relief under Rule 60(b)(2). Plaintiff does not assert that the information was unavailable to him when the Court issued its August 13, 2020 memorandum opinion and order that granted Defendant summary judgment. Therefore, Plaintiff did not act with "reasonable diligence." Moreover, the information contained the statement would not have changed the resolution of the motion for summary judgment. The statement of an unnamed supervisor at an unspecified time anywhere from one to thirteen months before Plaintiff's termination is too vague to be material. The statement that employees did not always have to report to the shop is irrelevant to the stated basis for termination, which was for lateness, not for going directly to the job site.

3

I note that Plaintiff contends that he never received the Court's August 13, 2020 ruling. Even if this is true, it is irrelevant. Whether Plaintiff did, or did not, receive the Court's rulings has no bearing on the relief under Rule 60(b)(2). Plaintiff has not met his burden to show that he is entitled to relief under Rule 60(b)(2). Therefore, the motion will be denied.

## **CONCLUSION**

For the above reasons, the Court will deny Plaintiff's motion for relief under Rule 60.

An appropriate Order will be entered.